NATHAN P. LUTHER *vs.* ANDREW N. MEDBURY, Administrator.

A submission to two arbitrators provided that if unable to agree they should choose a third and the decision of any two of these should be binding. The two arbitrators instead of choosing a third agreed each to mark down a sum and to report the average of the sums marked as their award.

In an action of debt on this award:

*Held,* that the award was inherently vicious and that it also violated the terms of the submission.

DEBT. Heard by the Court, jury trial being waived.

*January* 14, 1893. MATTESON, C. J. This is an action of debt on an award. The case was heard by the Court, jury trial being waived.

The agreement of submission named two arbitrators and provided that in case they were unable to agree they should choose a third and the decision of any two of these should be binding upon the parties. The two arbitrators named were unable to agree upon an award, but instead of choosing a third arbitrator, not wishing to be put to the trouble of hearing the case the second time, entered into an agreement by which each was to mark the sum he thought

the plaintiff ought to recover and that the sums so marked should be added and the amount divided by two and that the sum thus ascertained should be returned as their award. Accordingly, one of them marked $500 and the other $1000, which sums were then added and the amount divided by two. The result, thus obtained, $750, was returned as their award, and is the award in suit.

The arbitrator who marked $500 testifies that he would have adhered to that amount, that being in his judgment the sum properly recoverable by the plaintiff, had it not been for the agreement, by which he felt himself bound.

The method of reaching a conclusion adopted by the arbitrators has been held sufficient to vitiate a verdict, since it precludes the verdict from representing the judgment of the jury. *Harvey* v. *Rickett*, 15 Johns. Rep. 87; *Forbes* v. *Howard*, 4 R. I. 364. The reason applies with equal force to an award. The parties to a submission are entitled under it to the judgment of the arbitrators and if the method pursued by them precludes the exercise of their judgment the parties do not get that for which they have stipulated. Morse on Arbitration and Award, 165; *Brown* v. *Bellows*, 4 Pick. 179.

Moreover, in the present case, the submission provided that in case the arbitrators named in it were unable to agree they should choose a third. They were, therefore, not at liberty to adopt any other mode of procedure.

For these reasons we are of the opinion that the award must be set aside and judgment rendered for the defendant for his costs.

*Charles H. Page & Franklin P. Owen*, for plaintiff.

*Edward C. Dubois*, for defendant.